UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CLAIRE BESSINGER,         :
                          :
    Plaintiff,            :
                          :
V.                        :  CASE NO. 3:05-CV-1828 (RNC)
                          :
KOHL'S DEPT. STORES, INC.,:
                          :
    Defendant.            :

RULING AND ORDER

Plaintiff brought this in state court alleging that she slipped and fell at the defendant's store in Hamden due to water on the floor and was injured as a result. Defendant removed the action and now moves for summary judgment. No opposition has been filed by the plaintiff. For the reasons stated below, the motion for summary judgment is granted.

Summary judgment may be granted when there is no "genuine issue as to any material fact" and the movant is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To withstand a properly supported motion for summary judgment, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). When the opposing party fails to submit a response to the motion, the court may be obliged to accept the movant's factual assertions as true. See D. Conn. L. Civ. R. 56(a)1 ("All material facts set forth in [the movant's 56(a)1] statement will be deemed admitted unless controverted ...").

However, "[e]ven when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 242 (2d Cir. 2004).

Under Connecticut law, defendant owed plaintiff a "duty to keep its premises in a reasonably safe condition." Baptiste v. Better Val-U Supermarket, Inc., 262 Conn. 135, 140 (Conn. 2002). To recover damages for breach of this duty, plaintiff must prove "(1) the existence of a defect, (2) that the defendant knew or in the exercise of reasonable care should have known about the defect and (3) that such defect had existed for such a length of time that the [defendant] should, in the exercise of reasonable care, have discovered it in time to remedy it." Martin v. Stop & Shop Supermarket Cos., 70 Conn. App. 250, 251 (2002)(internal quotations omitted). In other words, plaintiff must prove that the defendant had actual or constructive notice of the unsafe condition at issue and negligently failed to correct it. See Meek v. Wal-Mart Stores, Inc., 72 Conn. App. 467, 474 (2002).

The record contains no evidence that would permit a reasonable jury to find in plaintiff's favor. In particular, there is no evidence that any water accumulated on the floor of the store in the area where the plaintiff fell, or that the defendant was on notice of such a potentially unsafe condition. In fact, plaintiff

2

admits that she saw no water in the area where she fell.  In the absence of at least some evidence that the defendant was on notice of an unsafe condition, summary judgment is proper.  See <u>Gulycz v. Stop & Shop Cos.</u>, 29 Conn. App. 519, 521 (1992) ("While an abundance of evidence is not necessary to show a sufficient length of time for the discovery of the condition [thereby establishing constructive notice], some evidence is required.")(internal citations omitted).

Accordingly, the motion for summary judgment [Doc. #24] is hereby granted.  Judgment will enter for the defendant dismissing the complaint with prejudice.

So ordered.

Dated at Hartford, Connecticut this 30th day of October 2006.


_____/s/_____
Robert N. Chatigny
United States District Judge